UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT D. COX                                                    CIVIL ACTION

VERSUS                                                           NUMBER: 12-2547

Lt. S. CARTER, ET AL.                                            SECTION: "J"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Albert D. Cox, against defendants, Sergeant Jimmie Carter and Sergeant David Biewer of the Jefferson Parish Correctional Center ("JPCC"). (Rec. docs. 1, 9). Plaintiff, an inmate of JPCC at the time that suit was filed, complained of the excessive use of force by the defendants on July 4, 2012. (Rec. docs. 1, 21).

Since the time that he instituted suit herein, plaintiff was transferred from JPCC to the Richwood Correctional Center, then to the Claiborne Parish Detention Center ("CPDC"), then to the River Correctional Center, and then back to CPDC. (Rec. docs. 14, 16, 23, 24). On March 1, 2014, this case was formally realloted to the undersigned following the retirement of U.S. Magistrate Judge Alma L. Chasez. (Rec. doc. 25). Notice of that reallotment was mailed to plaintiff at his most recent address of record, CPDC, but was returned to the Court as undeliverable on March 14, 2014 with the

following notations:    "RETURN TO SENDER", "REFUSED", and "UNABLE TO FORWARD". (Rec. doc. 26).  It has now been over thirty-five days since that piece of mail was returned as undeliverable and no address change/correction has been forthcoming from plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current ... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."  *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985)(table).[1] Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a

---

[1] While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

2

court order.  *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6).  Plaintiff's failure to keep the Court apprised of his present contact information has also rendered it impossible to bring this case to a conclusion.  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  As plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this ___22nd___ day of _____April_____, 2014.

 

 

 
_____

                        MICHAEL B. NORTH
            UNITED STATES MAGISTRATE JUDGE